UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

FILED IN CHAMBERS
U.S.D.C. Rome
OCT 18 2007
JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

AZIMUT INVESTMENTS LIMITED,

      Plaintiff,

v.

OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY,

      Defendant.

CIVIL ACTION

NO. 4:07-CV-0111-RLV

## O R D E R

This is an action arising out of a deposit made with the McCain Law Firm ("McCain") as escrow agent for the plaintiff's $10 Million investment fund. The defendant, among other things, purportedly agreed to indemnify McCain and safeguard the investment funds should McCain default under any applicable escrow agreement. Pending before the court is the defendant's Motion to Dismiss [Doc. No. 4]. For the following reasons, the defendant's Motion is DENIED.

The complaint asserts eleven causes of action. Counts I-IV allege breaches of contract with respect to the defendant's agreement to indemnify and McCain's subsequent escrow agreements pursuant to its role as the defendant's agent. Counts V-IX allege conversion, fraud, negligent misrepresentation, breach of fiduciary

duty, and unjust enrichment, respectively. Counts X-XI assert causes of action for punitive damages and attorney's fees.

The defendant moves to dismiss the plaintiff's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Upon considering a Rule 12(b)(6) motion, the court accepts the allegations in the complaint as true and construes them in a light most favorable to the plaintiff. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). To survive a motion to dismiss, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Specific factual allegations are not required to adequately state the grounds for a claim. Instead, a complaint need contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

Count I of the complaint alleges a breach of the defendant's agreement to indemnify McCain in its capacity as escrow agent for the plaintiff's $10 Million investment fund. The defendant asserts that the purported indemnity agreement cannot constitute a binding contract because that agreement does not contain the essential term of consideration. In doing so, the defendant contends that the indemnity agreement is actually a surety agreement, to which the

2

plaintiff agrees for purposes of this motion only. Accordingly, this court will treat the indemnity agreement as a surety agreement and analyze it in that context for purposes of this motion. In support of its argument that the agreement violates the Statute of Frauds because the essential term of consideration is missing, the defendant references the entire March 15, 2001 letter to the plaintiff:

> This letter sill serve as confirmation that the McCain Lawfirm [sic] is an authorized agent of Old Republic Title Insurance Company, and is insured to act in the capacity of Escrow Agent in accordance with the terms outlined in the Escrow Agreement attached to this letter as Exhibit "A".

[Def.'s Mem. in Supp. of Mot. to Dismiss, 7, Doc. No. 4-2(also attached as Exhibit 1).]

While it is true that a surety agreement must include a term of consideration, O.G.C.A. § 10-7-1, it is also true that the Statute of Frauds may be satisfied if all the necessary terms are identified in other writings incorporated by reference into the surety agreement. Roach v. C.L. Wigington Enterprises, Inc., 246 Ga. App. 36, 37 (2000). Although the March 15 agreement does not itself contain a term of consideration, it does expressly incorporate the March escrow agreement by referring to "the Escrow

3

Agreement attached to this letter as Exhibit "A".[1]  Without deciding the issue, this court finds that the March escrow agreement does appear to supply the allegedly missing term of consideration. [Def.'s Mem. in Supp., Ex. 3, Doc. No. 4-2.]  Absent other grounds of insufficiency, this fact at least plausibly supports the claim.  Therefore, it cannot be determined at this stage in the proceedings that the surety agreement at issue is fatally flawed as a matter of law.

The defendant also asserts that the March 15 agreement lacks the necessary elements of mutuality and certainty.  However, when the court views the March 15 letter in conjunction with the incorporated language in the nine-page March escrow agreement, it is clear that the terms expressed therein address, among other things, the parties' duties, legal liabilities, and dispute procedures.  Therefore, this court cannot conclude at this juncture that there is a fatal lack of mutuality of obligation or certainty.

---

[1] While the record does not contain an "Exhibit 'A'" attached to the March 15 letter, that exhibit is before the court as the defendant's Exhibit 3. [Def.'s Mem. in Supp., 3 n.2, Doc. No. 4-2.] Although they are matters outside the pleadings, this court may properly consider exhibits evidencing the agreements at issue without converting the pending Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgement because the exhibits are central to the plaintiff's claim and the authenticity of the exhibits is undisputed. Horsley v. Feldt, 304 F.3d 1125, 1134-35 (11th Cir. 2002).

Counts II and III allege that the defendant is liable for McCain's breach of the March 2001 and August 2001 escrow agreements. The plaintiff's claims in this regard essentially rely on the alleged agency relationship between the defendant and McCain. The plaintiff grounds this claim in the plain language of the March 15 letter: "This letter sill serve as confirmation that the McCain Lawfirm [sic] is an authorized agent of Old Republic Title Insurance Company," and in the defendant's actions toward the plaintiff in response to the plaintiff's concerns about McCain's status and ability to serve as escrow agent. Thus, alleging that McCain at all times acted as an agent of the defendant, the plaintiff contends that McCain's breach of the escrow agreements places the liability for such breach upon the defendant.

The issue here is whether McCain was acting on its own behalf or on behalf of the defendant when it entered into the escrow agreements. The defendant asserts that a principal cannot be vicariously liable for a breach of contract by its agent where the agent enters into that contract on its own behalf and not on behalf of the principal. Specifically, the defendant argues that McCain entered into the March 2001 and August 2001 escrow agreements in its own capacity and that neither contract identifies McCain as an agent of the defendant or identifies the defendant in any capacity.

For support, the defendant relies on Kingsberry Homes v. Findley, 242 Ga. 362, 365 (1978), and Fountainhead Development Corp. v. Dailey, 263 Ga. App. 677, 679-80 (2003), for the proposition that a principal is not liable for a breach of contract by an agent where that agent entered into the contract on his own behalf and without identifying himself as an agent or another party as his principal.

However, the agency relationship at issue in Kingsberry and Fountainhead was based on "apparent" authority, not "actual" authority as alleged by the plaintiff. Here, the plaintiff's primary theory of agency liability is based on the fact that McCain enjoyed an actual agency relationship with the defendant pursuant to the defendant's March 15 letter and its subsequent actions directed to both the plaintiff and McCain. If McCain did indeed have actual authority, if not at least apparent authority, to bind the defendant to the terms of the escrow agreements, then the defendant could be liable. Holiday Construction Co. v. Sandy Springs Assoc. Inc., 198 Ga. App. 20, 21 (1990).

The question before the court is not whether McCain in fact could bind the defendant as its principal; rather, the question is whether the plaintiff has presented "enough facts to state a claim to relief that is plausible on its face." Twombly, at 1974.

Notably, this is not a high standard. Nevertheless, in view of the facts as alleged, and assuming them as true, this court concludes that there is at least a plausible claim of relief such that dismissing Count II and III is not warranted at this time.

Count IV alleges a breach of the August 9, 2001, letter from McCain to the plaintiff acknowledging McCain's duties and obligations under the prior escrow agreements with respect to the plaintiff's $10 Million investment funds. That letter expressly acknowledged McCain's duties to make only authorized transfers of the $10 Million and any additional investments, and it provided for the payment of any interest that accrued on the deposited funds. McCain purportedly breached the letter agreement by making unauthorized transfers of the money and failing to refund the plaintiff's money according to the terms of the letter and prior escrow agreements. The complaint asserts liability on the defendant for McCain's breach under the theory that McCain was the defendant's agent.

At issue in this claim is the extent to which McCain was acting as the defendant's agent when it sent this letter and allegedly violated the terms contained within it. This particular issue is indistinguishable from the agency issue in Counts II and III. For the same reasons, this court concludes that the complaint

alleges sufficient facts that, when viewed as true, support a plausible claim of relief; therefore, dismissal is not appropriate.

With respect to Counts V-IX -- for conversion, fraud, negligent misrepresentation, breach of fiduciary duty, and unjust enrichment -- the defendant asserts that these claims are time-barred by the statute of limitations (four years for each claim respectively). The plaintiff responds that Georgia law tolls an applicable statute of limitations period where a cause of action was not discoverable due to some type fraud or concealment. The plaintiff argues that the defendant's and McCain's representations and actions regarding the funds fraudulently concealed the actual disposition of the money and thereby prevented the plaintiff from discovering the misconduct until much later, which consequently delayed triggering the limitations period.

The court need not delve further into the issue here because a statute of limitations defense is an affirmative defense that a plaintiff is not required to negate in the complaint. <u>La Grasta v. First Union Securities, Inc.</u>, 358 F.3d 840, 845-46 (11th Cir. 2004). When considering a Rule 12(b)(6) motion, a claim should be dismissed "only if it is apparent from the face of the complaint that the claim is time-barred." <u>Id.</u> at 345 (citations omitted).

Here, McCain allegedly transferred out the plaintiff's $10 Million investment funds in violation of its escrow agreement in July 2001, nearly six years before the plaintiff filed this action. The plaintiff alleges that repeated assurances and communications by McCain and the defendant from March 2001 through April 2005, all intimating that the plaintiff's investment remained safe and available, prevented the plaintiff from discovering the wrongdoing when it first occurred, and thus the limitations period was tolled until the plaintiff discovered the wrongdoing in 2005. Viewing these facts as true, the court concludes that it is not apparent from the face of the complaint that these claims are time-barred; therefore, dismissal is not appropriate.

With respect to Count VI (fraud) and the underlying claim of fraudulent concealment that tolled the statute of limitations, the defendant asserts that the plaintiff has failed to meet the heightened pleading requirement for fraud pursuant to Fed. R. Civ. P. 9(b). Rule 9(b) requires that "all averments of fraud . . . shall be stated with particularity." The purpose of this heightened standard is to alert defendants of the particular conduct that is the basis of a fraud claim and to protect defendants from baseless allegations. <u>Brooks v. Blue Cross and Blue Shield of Florida</u>, 116 F.3d 1364, 1370-71 (11th Cir. 1997).

As an example of the type of specificity that may be required to satisfy Rule 9(b), the Eleventh Circuit has noted that a plaintiff must (1) allege precise statements, documents, or misrepresentations, (2) specify the time of such statements and the person responsible, and (3) state the manner in which such statements or conduct misled the plaintiff. Brooks, 116 F.3d at 1380. The complaint in this case alleges fraud by the defendant or its agent, and the complaint points to specific letters, agreements, other correspondence, and particular misrepresentations as evidence of fraudulent behavior. Bearing in mind that the specificity required by Rule 9(b) does not abrogate the general notice pleading standard under Rule 8(a), id. at 1371, this court views the complaint as sufficient to comply with the pleading requirements of Rule 9(b) and sustain a claim of fraud.

**CONCLUSION**

For the foregoing reasons, the defendant's Motion to Dismiss [Doc. No. 4] is DENIED.

SO ORDERED, this 18th day of October, 2007.

/s/ Robert L. Vining, Jr.
ROBERT L. VINING, JR.
Senior United States District Judge